UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **PINCH A PENNY, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **PREMIER POOL PRODUCTS, LLC, JIMMY L. HERNANDEZ, and HANNA NGOC NGUYEN,** <br><br> Defendants. | Case No. |

## COMPLAINT FOR DAMAGES

Plaintiff Pinch A Penny, LLC f/k/a Pinch A Penny, Inc. ("**PAP**") sues Defendants Premier Pool Products, LLC ("**Premier**"), Jimmy L. Hernandez ("**Mr. Hernandez**"), and Hanna Ngoc Nguyen ("**Ms. Nguyen**") (collectively, "**Defendants**") and alleges:

### Parties

1. PAP is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in Pinellas County, Florida.

2. PAP's sole member is Porpoise Pool & Patio, LLC, which is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in Pinellas County, Florida.

3. Porpoise Pool & Patio, LLC's sole member is SCP Distributors, LLC, which is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in St. Tammany Parish, Louisiana.

4. SCP Distributors, LLC's sole member is Pool Corporation, which is a Delaware corporation with its principal place of business in St. Tammany Parish, Louisiana.

5. Premier is a limited liability company organized and existing under the laws of the state of Texas with its principal place of business in Sugar Land, Texas. Premier has two members, Mr. Hernandez and Ms. Nguyen, each of whom are residents and citizens of Sugar Land, Texas, as set forth below.

6. Mr. Hernandez is an adult individual residing in and citizen of Sugar Land, Texas.

7. Ms. Nguyen is an adult individual residing in and citizen of Sugar Land, Texas.

**Jurisdiction and Venue**

8. The Court has original subject matter jurisdiction of this action under 28 U.S.C. § 1332 because the parties to this action are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. The Court personal jurisdiction over Defendants by virtue of, among other things, Section 23(b)(ii) of the franchise agreement by and between PAP and Premier, and incorporated into the owner's guaranty executed by Mr. Hernandez and Ms. Nguyen, described in more detail below, pursuant to which Defendants consented to personal jurisdiction in the United States District Court for the Middle District of Florida. This Court also has personal jurisdiction over Defendants in that they have transacted business with PAP in the State of Florida and/or has caused events to occur in the State of Florida giving rise to the claims herein.

10. Venue is proper in this Court under 28 U.S.C. § 1391 and Section 23(b)(ii) of the parties' franchise agreement. A substantial part of the events or omissions giving rise to the claims asserted by Plaintiff occurred in this District. Additionally, under the parties' franchise agreement, the parties agreed that sole and exclusive jurisdiction and venue for all lawsuits arising out of or relating to the franchise agreement was either the state court in Pinellas County, Florida or the United States District Court for the Middle District of Florida.

## Pinch A Penny® Franchising

11. PAP is an operator and franchisor of swimming pool supply and service stores.

12. PAP franchises retail stores that sell swimming pool supplies and equipment and related items, as well as performing swimming pool service and repair work.

13. PAP has developed methods and procedures—called a "system"—used in the operation of pool supply and service businesses. The PAP system is a comprehensive business format for the establishment, operation, and development of high-standard pool supply and service businesses with distinctive features in products, services, distribution, accounting, training, and management assistance.

14. The PAP system is designed to ensure that Pinch A Penny® pool supply stores and the services and products offered by them meet uniform, high quality standards. PAP's system is also designed to protect PAP's name and reputation. The PAP system is founded upon adherence to PAP's standards and specifications.

15. PAP's system is the culmination of decades of PAP's experience and investment of resources into its development and refinements. Over many years, PAP has expended untold resources and efforts in advertising and other efforts to gain customer association of PAP and its stores with pool supply and service expertise, convenience, and quality.

16. Through written franchise agreements, PAP licenses the use of its marks and its system of operating pool supply and service stores to others,

requiring them to operate uniformly and in accordance with PAP's specifications to protect PAP's image and brand.

## The Franchise Agreement with Defendants

17. On December 15, 2023, PAP and Premier entered into a franchise agreement, ancillary agreements, and addenda (collectively, the "**Franchise Agreement**") for Pinch A Penny® Store No. 296 located at 9760 Hwy 6 S, Suite 1100, Sugar Land, Texas 77498 (the "**Store**"). A copy of the Franchise Agreement is attached as **Exhibit "A."**

18. PAP also provided an initial $420,000.00 loan to Premier to finance Premier's leasehold improvements for the Store and to purchase inventory. In connection with the same, Premier provided PAP with an initial Promissory Note, whereby it promised to make monthly payments to PAP beginning one year after opening the Store. A copy of the initial Promissory Note is appended to the Franchise Agreement at Exhibit A. On April 4, 2025, PAP sent Premier an Amendment to Promissory Note, which modified the loan amount under the Promissory Note to $299,113.09 to reflect the amount of financing provided to Premier for its leasehold improvements and purchase of inventory. The Promissory Note included Premier's failure to make payments under the Promissory Note, any breach of the Franchise Agreement by Premier, and/or the expiration or termination of the Franchise Agreement as events of default under the Promissory Note.

19. Premier also executed a Security Agreement whereby it provided PAP with a security interest in all of Premier's owned or thereafter acquired furniture, fixtures, equipment, accessories, inventory, licenses, permits, goods, materials, supplies, accounts, general intangibles, and all other assets of Premier, including but not limited to, the equipment and customer contacts used in the operation of the Pinch A Penny® business at the Store (collectively, the "**Secured Assets**"). A copy of the Security Agreement is appended to the Franchise Agreement and included within Exhibit A.

20. Mr. Hernandez and Ms. Nguyen (together, "**Guarantors**"), as co-owners of Premier, executed an Owner's Guaranty agreement, guaranteeing the payment and performance of Premier's obligations under the Franchise Agreement (the "**Owner's Guaranty**"). A copy of Guarantors' Owner's Guaranty is appended to the Franchise Agreement. (Exhibit "A.")

21. Premier leased the Store's premises under a lease (the "**Lease**") with a third-party landlord. Pursuant to the Franchise Agreement, Premier executed a Collateral Assignment of Lessee's Interest in the Lease (the "**Collateral Assignment**"). A copy of the Collateral Assignment is attached as **Exhibit "B."**

22. The Collateral Assignment assigned all of Premier's rights, title, and interest in the Lease to PAP and provided that PAP was entitled to take

immediate possession of the Lease and Store if Premier defaulted under the Franchise Agreement.

## Defendants' Defaults Under the Franchise Agreement

23. On November 22, 2025, Mr. Hernandez informed PAP via email that Premier was permanently closing the Store, effective November 24, 2025.

24. PAP has confirmed that the Store was shut down on or around November 24, 2025, and has ceased all operations.

25. On December 1, 2025, PAP delivered to Premier a Notice of Termination, which declared that Premier was in default of its obligations under the Franchise Agreement due to the abandonment of the Store and Premier's repudiation of the Franchise Agreement and informed Premier that the Franchise Agreement was terminated that same day, December 1, 2025 (the "**Notice of Termination**"). A copy of the Notice of Termination is attached as **Exhibit "C."**

26. The Notice of Termination also notified Premier that as a result of the termination of the Franchise Agreement PAP was accelerating all indebtedness owed to PAP under the Franchise Agreement, Promissory Note, and all other agreements with PAP.

27. Additionally, as a result of Premier's unilateral and unauthorized closure of the Store, PAP paid to Premier's landlord certain back rent for

November and December 2025. *See* Collateral Assignment at Section 5; Franchise Agreement at Section 16(a)(ii).

28. Accordingly, due to Premier's defaults and the resulting termination of the Franchise Agreement, PAP has declared and hereby declares the entire outstanding balance under the Promissory Note ($337,296.09), as well as all other outstanding amounts due and payable to PAP, including but not limited to an open accounts receivable balance ($10,109.50), past due rent obligations ($13,200.00), and amounts due for gift cards issued to customers ($100.00), for a total amount of $360,705.59.[1]

29. On or about December 29, 2025, a UCC sale of the Secured Assets referenced above was conducted. The Secured Assets sold for $70,000, representing the fair market value for the Secured Assets. PAP was the highest bidder. Accordingly, a credit has been applied to the amounts due and owing to PAP following such sale resulting in a total amount of $290,705.59 being due and owing to PAP.

### **Defendants' Post-Termination Obligations**

30. Upon termination of the Franchise Agreement, Defendants were obligated to comply with a number of post-termination obligations. Section 16 of the Franchise Agreement details Defendants' obligations in the event of

---

[1] A $29.00 credit was issued to Defendants' account for coupons.

termination of the Franchise Agreement, including, but not limited to, their obligation to pay immediately all amounts due and owing under the Franchise Agreement and all collateral agreements, including the Promissory Note.

31. PAP has retained the undersigned counsel to prosecute this action and is obligated to pay reasonable attorneys' fees.

32. Pursuant to Section 21(c) of the Franchise Agreement, Premier is obligated to pay to PAP all reasonable attorneys' fees and costs incurred by PAP in enforcing the obligations under the Franchise Agreement.

33. Pursuant to the terms of the Owner's Guaranty, Guarantors are obligated to pay to PAP all reasonable attorneys' fees and costs incurred by PAP in enforcing the obligations under the Franchise Agreement and Owner's Guaranty.

34. Pursuant to Section 7 of the Promissory Note, Premier is obligated to pay to PAP all reasonable attorneys' fees and costs incurred by PAP in enforcing the obligations under the Promissory Note.

35. All conditions precedent to bringing this suit have occurred, have been satisfied, or have been waived.

### COUNT I -- BREACH OF FRANCHISE AGREEMENT
### (UNPAID FEES AND OTHER AMOUNTS)

36. PAP realleges paragraphs 1 through 35 above.

30. Upon termination of the Franchise Agreement, Premier was

obligated to pay immediately all amounts due and owing under the Franchise Agreement and all collateral agreements

31. Despite its obligation to do so, Premier failed to remit certain amounts due and owing to PAP under the Franchise Agreement and collateral agreements, including open accounts receivable amounts, past due rent obligations, and amounts due for gift cards issued to customers.

32. Premier's failure to remit the agreed monies has damaged PAP.

## COUNT II – BREACH OF PROMISSORY NOTE

37. PAP realleges paragraphs 1 through 35 above.

38. Premier defaulted under the Promissory Note by, including but not limited to, failing to pay amounts due under the Promissory Note, breaching of the Franchise Agreement, and the termination of the Franchise Agreement.

39. Upon Premier's default under the Franchise Agreement, PAP was entitled to and did declare the outstanding account balance of the Promissory Note immediately due and owing.

40. As of December 15, 2025, the balance due and owing from Premier under the Promissory Note is $337,296.09.

41. Premier breached the Promissory Note by failing to pay this outstanding balance upon termination of the Franchise Agreement.

## COUNT III – UNJUST ENRICHMENT

42. PAP realleges paragraphs 1 through 35 above.

43. At the time of the termination of the Franchise Agreement, Defendants were obligated to pay certain amounts to PAP.

44. Despite their obligation to do so, Defendants failed to remit certain of the amounts due and owing to PAP as set forth above.

45. Defendants' failure to compensate PAP constitutes unjust enrichment and has damaged PAP.

### COUNT IV -- BREACH OF OWNER'S GUARANTY

46. PAP realleges paragraphs 1 through 35 above.

47. Guarantors executed an Owner's Guaranty in favor of PAP.

48. Under the Owner's Guaranty, Guarantors unconditionally and absolutely guaranteed the prompt and full payment of the liabilities of Premier under the Franchise Agreement and Promissory Note and the performance of all obligations by Premier under the Franchise Agreement and Promissory Note.

49. Premier breached the Franchise Agreement and failed to pay the outstanding amounts due under the Promissory Note, and Guarantors breached the Owner's Guaranty by failing to honor its terms, including by their failure to pay the amounts owing to PAP under the Franchise Agreement and Promissory Note and to ensure the performance of Premier's obligations.

50. PAP has been damaged by Guarantors' breach of the Owner's Guaranty.

## PRAYER FOR RELIEF

**WHEREFORE**, Pinch A Penny, LLC requests the following relief against Defendants Premier Pool Products, LLC, Jimmy L. Hernandez, and Hanna Ngoc Nguyen:

(A)   An award and judgment in favor of PAP and against Defendants, jointly and severally, for damages arising from Defendants' breaches of the Franchise Agreement and Owners' Guaranty;

(B)   An award and judgment in favor of PAP and against Defendants, jointly and severally, for damages arising from Defendants' breaches and acceleration of amounts due under the Promissory Note;

(C)   A judgment in favor of PAP and against Defendants for the costs and expenses, including reasonable attorneys' fees, incurred by PAP in connection with this action as provided for by contract or statute; and

(D)   Such other relief this Court deems just and proper.

Dated: January 13, 2026          Respectfully submitted,

*/s/ Christian C. Burden*
Christian C. Burden
Florida Bar No. 0065129
chris.burden@quarles.com
**Quarles & Brady LLP**
101 E. Kennedy Boulevard, Suite 3400
Tampa, Florida 33602
Tel.: (813) 387-0300

*Attorneys for Pinch A Penny, LLC*